IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

WORDCHECK TECH, LLC

    PLAINTIFF,

  v.

    Civil Action No. _____

ALT-N TECHNOLOGIES, LTD.**;** APPRIVER LLC;
ATHENA ARCHIVER, INC.; AWARENESS
TECHNOLOGIES, INC.; AXS- ONE, INC.;
BITDEFENDER LLC; BLUE COAT SYSTEMS, INC.;
CA, INC. D/B/A CA TECHNOLOGIES; CHECK POINT
SOFTWARE TECHNOLOGIES, INC.; CHECK POINT
SOFTWARE, LLC; CODE GREEN NETWORKS
INTERNATIONAL, INC. ; CODE GREEN NETWORKS,
INC.; COMPUTER ASSOCIATES INTERNATIONAL,
INC.; COMPUTER MAIL SERVICES, INC.; ELECTRIC
MAIL (INTERNATIONAL) L.P.; EMC CORPORATION;
ENTRUST, INC. D/B/A ENTRUST TECHNOLOGIES,
INC.; ESOFT, INC.; FACETIME COMMUNICATIONS,
INC.; FIDELIS SECURITY SYSTEMS, INC.;
FORTINET, INC.; GFI SOFTWARE DEVELOPMENT,
LTD.; GFI USA, INC.; GLOBAL RELAY
COMMUNICATIONS, INC.; GLOBAL RELAY USA,
INC.; GTB TECHNOLOGIES, INC.; INTEGO, INC.;
IRON MOUNTAIN INC. D/B/A IRON MOUNTAIN
COMPANY; ITECH, INC.; J2 GLOBAL
COMMUNICATIONS, INC.; LIVEOFFICE HOLDINGS,
LLC; LIVEOFFICE, LLC; MICROWORLD
TECHOLOGIES, INC.; MIMECAST NORTH
AMERICA, INC.; MIMECAST SERVICES LTD.;
MIMECAST, LTD.; MIMOSA SYSTEMS, INC.;
PALISADE SYSTEMS, INC.; PERMESSA
CORPORATION; QUEST SOFTWARE, INC.; RED
EARTH SOFTWARE (UK) LTD.; RED EARTH
SOFTWARE, INC.; ROCKLIFFE SYSTEMS D/B/A
ROCKLIFFE SYSTEMS, INC. D/B/A ROCKLIFFE, INC.
D/B/A MAILSITE, INC.; RSA SECURITY, INC.; RSA
SECURITY, LLC; SAFENET, INC.; SHERPA
SOFTWARE GROUP, INC. D/B/A SHERPA
SOFTWARE; SHERPA SOFTWARE GROUP, L.P.
A/K/A SHERPA SOFTWARE PARTNERS, L.P. D/B/A
SHERPA SOFTWARE; SMARSH, INC.; SOLINUS, INC.

D/B/A MAILFOUNDRY; ST. BERNARD SOFTWARE,
INC.; THE ELECTRIC MAIL COMPANY;
TRUSTWAVE CORPORATION; TRUSTWAVE
HOLDINGS, INC.;  UNIFY CORPORATION;
VERDASYS INC.; VERICEPT CORPORATION;
VIRTUALCONNECT TECHNOLOGIES, INC.;
WATCHGUARD TECHNOLOGIES, INC.;
WATERFORD TECHNOLOGIES GROUP, LTD. D/B/A
WATERFORD TECHNOLOGIES GROUP;
WATERFORD TECHNOLOGIES, INC. D/B/A
SEATTLELAB, INC. D/B/A SEATTLELAB;
WORKSHARE TECHNOLOGY, INC. D/B/A
WORKSHARE, INC.;  ZL TECHNOLOGIES, INC.; and
ZSCALER, INC.

DEFENDANTS.

JURY TRIAL DEMANDED

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WordCheck Tech LLC files this Complaint against: Alt-N Technologies, Ltd.,

Appriver, LLC, Athena Archiver, Inc., Awareness Technologies, Inc., AXS-One, Inc.,

BitDefender LLC; Blue Coat Systems, Inc., CA, Inc. d/b/a CA Technologies, Check Point

Software, LLC, Check Point Software Technologies, Inc., Code Green Networks, Inc., Code

Green Networks International, Inc., Computer Associates International, Inc., Computer Mail

Services, Inc., Electric Mail (International) L.P., EMC Corporation, Entrust, Inc. d/b/a Entrust

Technologies, Inc., eSoft, Inc., FaceTime Communications, Inc., Fidelis Security Systems, Inc.,

Fortinet, Inc., GFI USA, Inc., GFI Software Development, Ltd., Global Relay USA, Inc.; Global

Relay Communications, Inc., GTB Technologies, Inc., Intego, Inc., Iron Mountain Inc. d/b/a Iron

Mountain Company, Itech, Inc., J2 Global Communications, Inc., LiveOffice, LLC, LiveOffice

Holdings, LLC, Microworld Technologies, Inc., Mimosa Systems, Inc., Mimecast, Ltd.,

Mimecast North America, Inc., Mimecast Services Ltd., Palisade Systems, Inc., Permessa

Corporation, Quest Software, Inc., Red Earth Software, Inc., Red Earth Software (UK) Ltd.,

Rockliffe Systems d/b/a Rockliffe Systems, Inc. d/b/a Rockliffe, Inc. d/b/a MailSite, Inc., RSA

Security, LLC, RSA Security, Inc., Safenet, Inc., Sherpa Software Group, Inc. d/b/a Sherpa Software; Sherpa Software Group L.P. a/k/a Sherpa Software Partners d/b/a Sherpa Software, Smarsh, Inc., Solinus, Inc. d/b/a Mailfoundry, St. Bernard Software, Inc., The Electric Mail Company, Trustwave Corporation,  Trustwave Holdings, Inc., Unify Corporation, Verdasys, Inc., Vericept Corporation, VirtualConnect Technologies, Inc., Waterford Technologies Group, Ltd. d/b/a Waterford Technologies Group, Waterford Technologies, Inc. d/b/a SeattleLab, Inc. d/b/a SeattleLab; Watchguard Technologies, Inc. Workshare, Technology, Inc. d/b/a Workshare, Inc., ZL Technologies, Inc. and ZScaler, Inc. (collectively the "Defendants").

## PARTIES

1.      WordCheck Tech LLC ("WordCheck Tech" or "Plaintiff") is a Nevada Limited Liability Company with its principal place of business in Longview, Texas.

2.      On information and belief, Defendant Alt-N Technologies, Ltd. ("Alt-N") is a Texas limited partnership with its principal place of business at 2550 SW Grapevine Parkway, Suite 150, Grapevine, TX 76051.  Alt-N is qualified to do business in the State of Texas and has appointed C T Corporation System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201 as its agent for service of process.

3.      On information and belief, Defendant Appriver, LLC ("Appriver") is a Florida limited partnership with its principal place of business at 1101 Gulf Breeze Parkway, Suite 200, Gulf Breeze, Florida 32561.  Appriver has appointed Michael I. Murdoch, 1101 Gulf Breeze Parkway, Suite 200, Gulf Breeze, Florida 32561 as its agent for service of process.

4.      On information and belief, Defendant Athena Archiver, Inc. ("Athena") is a Nevada corporation with its principal place of business at 130 West 29th Street, 6th Floor, New

York, New York 10001.   Athena can be served through CRA of America, Inc., 3638 North

Rancho Drive, Las Vegas, Nevada 89130 as its agent for service of process.

5.      On information and belief, Defendant Awareness Technologies, Inc.
("Awareness") is a Delaware corporation with its principal place of business at 4640 Admiralty

Way, Suite 1010, Marina Del Rey, California 90292.   Awareness has appointed Michael K.

Osborn, 4640 Admiralty Way, Suite 1010, Marina Del Rey, California 90292 as its agent for

service of process.

6.      On information and belief, Defendant AXS-One, Inc. ("AXS-One") is a Delaware

corporation with its principal place of business at 301 Route 17 North, Rutherford, New Jersey

07070.   AXS-One has appointed The Corporation Trust Company, Corporation Trust Center

1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

7.      On information and belief, Defendant BitDefender LLC ("BitDefender") is a

Florida limited liability corporation with its principal place of business at 6301 NW 5th Way,

Suite 3500, Fort Lauderdale, Florida 33309.   BitDefender has appointed Michael W. Ullman,

Esq., c/o Ullman & Ullman, P.A., 150 East Palmetto Park Rd., Suite 650, Boca Raton, Florida

33432 as its agent for service of process.

8.      On information and belief, Defendant Blue Coat Systems, Inc. ("Blue Coat") is a

Delaware corporation with its principal place of business at 420 North Mary Ave., Sunnyvale,

California 94085.   Blue Coat has appointed CSC-Lawyers Incorporating Service, 2730 Gateway

Oaks Dr., Ste. 100, Sacramento, California    95833 as its agent for service of process.

9.      On information and belief, Defendant CA, Inc.   d/b/a CA Technologies is a

Delaware corporation with its  principal place of business at One CA Plaza, Islandia, New York

4

11749.  CA, Inc. has appointed The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207 as its agent for service of process.

10.     On information and belief, Defendant  Check Point Software, LLC ("CPLLC") is a Delaware corporation with its principal place of business at 800 Bridge Parkway, Redwood City, California 94065.  CPLLC has appointed FORM-A-CORP (DE) LLC, 901 Market Street, Suite 460, Wilmington, Delaware as its agent for service of process.

11.     On information and belief, Defendant  Check Point Software Technologies, Inc. ("CPSTI) is a Delaware corporation with its principal place of business at 800 Bridge Parkway, Redwood City, California 94065.  CPSTI has appointed CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017 as its agent for service of process.  CPLLC and CPSTI are hereinafter collectively referred to as "Checkpoint."

12.     On information and belief, Defendant Code Green Networks, Inc. ("CGNI") is a Delaware corporation with its principal place of business at 385 E. Moffett Park Drive, Suite 105, Sunnyvale, California 94089.  CGNI has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

13.     On information and belief, Defendant Code Green Networks International, Inc. ("CGNII") is a Delaware corporation with its principal place of business at 385 E. Moffett Park Drive, Suite 105, Sunnyvale, California 94089.  CGNII has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.  CGNI and CGNII are hereinafter collectively referred to as "Code Green."

14.     On information and belief, Defendant Computer Associates International, Inc. is a Delaware corporation with its principal place of business at One CA Plaza, Islandia, New York 11749.  Computer Associates International, Inc. has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.   CA, Inc. and Computer Associates International, Inc. are hereinafter collectively referred to as "CA."

15.     On information and belief, Defendant Computer Mail Services, Inc. ("CMS") is a Michigan corporation with its principal place of business at 44648 Mound Road #812, Sterling Heights, Michigan 48314.  CMS has appointed Lih-Tah Wong, 2899 E. Big Beaver Rd. #260, Troy, Michigan 48083 as its agent for service of process.

16.     On information and belief, Defendant Electric Mail (International) L.P. ("Electric Mail Intl.") is a Canadian L.P. with its principal place of business in Alberta, Canada.  Electric Mail can be served via Canadian and/or U.S. law.

17.     On information and belief, Defendant EMC Corporation ("EMC") is a Massachusetts corporation with its principal place of business at 176 South Street, Hopkinton, Massachusetts 01748.  EMC has appointed C T Corporation System, 155 Federal St., Suite 700, Boston, Massachusetts 02110, as its agent for service of process.

18.     On information and belief, Defendant Entrust, Inc. d/b/a Entrust Technologies, Inc. ("Entrust") is a Maryland corporation with its principal place of business at One Lincoln Centre, 5400 LBJ Freeway, Suite 1340, Dallas, Texas 75240.  Entrust is qualified to do business in the State of Texas and has appointed C T Corporation System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201 as its agent for service of process.

19.     On information and belief, Defendant eSoft, Inc. ("eSoft") is a Delaware corporation with its principal place of business at 295 Interlocken Blvd. #500, Broomfield, Colorado 80021.   eSoft has appointed Corporation Service Company, 1560 Broadway, Suite 2090, Denver Colorado 80202 as its agent for service of process.

20.     On information and belief, Defendant FaceTime Communications, Inc. ("FaceTime") is a Delaware corporation with its principal place of business at 1301 Shoreway Rd., Suite 275, Belmont, California 94002.   FaceTime has appointed Tim Conley, 1301 Shoreway Rd., Suite 275, Belmont, California 94002 as its agent for service of process.

21.     On information and belief, Defendant Fidelis Security Systems, Inc. ("Fidelis") is a Delaware corporation with its principal place of business at 1601 Trapelo Road, Suite 270 Waltham, MA 02451.   Fidelis has appointed has appointed CT Corporation System, 155 Federal St., Suite 700, Boston, Massachusetts 02110  as its agent for service of process.

22.     On information and belief, Defendant Fortinet, Inc. ("Fortinet") is a Delaware corporation    with    its    principal    place    of    business    at    1090    Kifer    Road Sunnyvale, California 94086.   Fortinet has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

23.     On information and belief, Defendant GFI USA, Inc. ("GFI USA") is a North Carolina corporation with its principal place of business at 15300 Weston Parkway, Suite 104, Cary North Carolina 27513.   GFI USA has appointed CT Corporation System, 150 Fayetville St., Box 1011, Raleigh North Carolina 27601 as its agent for service of process.

24.     On information and belief, Defendant GFI Software Development, Ltd. ("GFISDL")is a North Carolina corporation with its principal place of business at 15300 Weston Parkway, Suite 104, Cary North Carolina 27513.   GFISDL has appointed CT Corporation

System, 150 Fayetville St., Box 1011, Raleigh North Carolina 27601 as its agent for service of process. GFI USA and GFISDL are hereinafter collectively referred to as "GFI."

25. On information and belief, Defendant Global Relay USA, Inc. ("Global Relay USA") is a Delaware corporation with its principal place of business at 1560 Broadway, 10th Floor, New York, New York 10036. Global Relay USA has appointed National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, New York 10001 as its agent for service of process.

26. On information and belief, Defendant Global Relay Communications, Inc. ("GRCI") is a Canadian corporation with its principal place of business at 220 Cambie Street, 2nd Floor, Vancouver, BC V6B 2M9. CRCI may be served with process via Canadian or US law. Global Relay USA and GRCI are hereinafter collectively referred to as "Global Relay."

27. On information and belief, Defendant GTB Technologies, Inc. ("GTB") is a California corporation with its principal place of business at 5000 Birch St., Suite 3000, Newport Beach, California 92660. GTB has appointed Uzi Yair, 29 Blue Summit, Irvine, California 92603 as its agent for service of process.

28. On information and belief, Defendant Intego, Inc. ("Intego") is a Florida corporation with its principal place of business at 500 North Capital of Texas Highway, Building 8-150, Austin, Texas 78746. Intego is qualified to do business in the State of Texas and has appointed Jane Del Re, 500 North Capital of Texas Highway, Building 8-150, Austin, Texas 78746 as its agent for service of process.

29. On information and belief, Defendant Iron Mountain Inc. a/k/a Iron Mountain Company ("Iron Mountain") is a Delaware corporation with its principal place of business at

745 Atlantic Ave., Boston, Massachusetts 02111.  Iron Mountain has appointed Corporation Service Company, 84 State St., Boston, Massachusetts 02109 as its agent for service of process.

30.     On information and belief, Defendant iTech, Inc. ("iTech") is a Wisconsin corporation with its principal place of business at 1100 Commerce Drive, Suite 116, Racine, Wisconsin 53406.  iTech has appointed Jerald E. Maiers, 1100 Commerce Drive, Suite 116, Racine, Wisconsin 53406 as its agent for service of process.

31.     On information and belief, Defendant  J2 Global Communications, Inc. ("J2 Global") is a Delaware corporation with its principal place of business at 6922 Hollywood Blvd., Hollywood, California 90028.  J2 Global has appointed National Corporate Research, Ltd., 615 South Dupont Hwy, Dover, Delaware 19901 as its agent for service of process.

32.     On information and belief, Defendant LiveOffice, LLC is a Delaware limited liability corporation with its principal place of business at 2780 Skypark Drive, Suite 300, Torrance, California 90505.  LiveOffice has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

33.     On information and belief, Defendant LiveOffice Holdings, LLC is a Delaware limited liability corporation with its principal place of business at 2780 Skypark Drive, Suite 300, Torrance, California 90505.  LiveOffice has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process. LiveOffice, LLC and LiveOffice Holdings, LLC are hereinafter collectively referred to as "LiveOffice."

34.     On information and belief, Defendant Microworld Technologies, Inc. ("Microworld") is a New Jersey corporation with its principal place of business at 33045 Hamilton Court East, Suite 105, Farmington Hills, Michigan 48334-3385.  Microworld has

appointed Rohini Sonawane, 33045 Hamilton Ct., Suite 105, Farmington Hills, Michigan 48334-3385 as its agent for service of process.

36.     On information and belief, Defendant Mimecast Ltd. ("Mimecast Ltd.") is a UK corporation with its principal place of business at 2-8 Balfe Street, London N1 9EG, United Kingdom.  Mimecast Services may be served in accordance with US or UK law.

36.     On information and belief, Defendant Mimecast North America, Inc. ("Mimecast NA") is a Delaware corporation with its principal place of business at 275 Grove St, Building 2, Suite 400, Newton Massachusetts 02466.  Mimecast has appointed National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA  02210 as its agent for service of process.

37.     On information and belief, Defendant Mimecast Services Ltd. ("Mimecast Services") is a UK corporation with its principal place of business at 2-8 Balfe Street, London N1 9EG, United Kingdom.  Mimecast Services may be served in accordance with US or UK law. Mimecast Ltd., Mimecast NA and Mimecast Services are hereinafter collectively referred to as "Mimecast."

38.     On information and belief, Defendant Mimosa Systems, Inc. ("Mimosa") is a Delaware corporation with its principal place of business at 3200 Coronado Drive. Santa Clara, CA 95054.  Mimosa has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.  Mimosa and Iron Mountain Inc. d/b/a Iron Mountain Company are hereinafter collectively referred to as "Iron Mountain."

39.     On information and belief, Defendant Palisade Systems, Inc. ("Palisade") is a Delaware corporation with its principal place of business at 400 Locust Street, Suite 700, Des

Moines, Iowa 50309.  Palisade has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904  as its agent for service of process.

40.     On information and belief, Defendant Permessa Corporation ("Permessa") is a Delaware corporation with its principal place of business at 69 Hickory Drive, Waltham, Massachusetts 02451.  Permessa has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

41.     On information and belief, Defendant Quest Software, Inc. ("Quest") is a California corporation with its principal place of business at 5 Polaris Way, Aliso Viejo, California 92656.  Quest is qualified to do business within the State of Texas and has appointed C T Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201 as its agent for service of process.

42.     On information and belief, Defendant Red Earth Software, Inc. ("RESI") is a California corporation with its principal place of business at 595 Millich Drive, Ste 210, Campbell, California 95008-0550.  RESI has appointed Michael J. Spijkerman, 595 Millich Drive, Ste 210, Campbell, California 95008-0550 as its agent for service of process.

43.     On information and belief, Defendant Red Earth Software (UK) Ltd. ("RES UK") is a California corporation with its principal place of business at 20 Market Place, Kingston-upon-Thames, Surrey KT1 1JP, United Kingdom.  RES UK may be served in accordance with US and UK law.  RESI and RES UK are hereinafter referred to as "Red Earth."

44.     On information and belief, Defendant  Rockliffe Systems d/b/a Rockliffe Systems, Inc. d/b/a Rockliffe, Inc. d/b/a MailSite, Inc. ("MailSite") is a California corporation with its principal place of business at 1901 S. Bascom Ave., Ste. 900, Campbell, California

95008. MailSite has appointed John Davies, 1901 S. Bascom Ave., Ste 900, Campbell, California 95008 as its agent for service of process.

45. On information and belief, Defendant RSA Security, LLC ("RSA LLC") is a Delaware LLC with its principal place of business at 174 Middlesex Turnpike, Bedford, Massachusetts 01730. RSA LLC has appointed C T Corporation System, 155 Federal St., Suite 700, Boston, Massachusetts 02110, as its agent for service of process.

46. RSA Security, Inc. ("RSAI") is a Delaware corporation with its principal place of business at 174 Middlesex Turnpike, Bedford, Massachusetts 01730. RSAI has appointed C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, Texas 75201 as its agent for service of process. RSA LLC, RSAI and EMC are collectively referred to hereinafter as "EMC."

47. On information and belief, Defendant Safenet, Inc. ("Safenet") is a Delaware corporation with its principal place of business at 4690 Millennium Drive, Belcamp, Maryland 21017. Safenet has appointed The Corporation Trust Incorporated, 351 West Camden St., Baltimore, Maryland 21201 as its agent for service of process.

48. On information and belief, Defendant Sherpa Software Group, Inc. d/b/a Sherpa Software ("SSGI") is a Pennsylvania corporation with its principal place of business at 456 Washington Rd., Ste. 2, Bridgeville Pennsylvania 15017. SSGI has appointed Kevin Ogrodnik, 456 Washington Rd., Ste. 2, Bridgeville, Pennsylvania 15017 as its agent for service of process.

49. On information and belief, Defendant Sherpa Software Group L.P. a/k/a Sherpa Software Partners d/b/a Sherpa Software ("SSGLP") is a Pennsylvania corporation with its principal place of business at 456 Washington Rd., Ste. 2, Bridgeville Pennsylvania 15017. SSGLP has appointed Kevin Ogrodnik, 456 Washington Rd., Ste. 2, Bridgeville, Pennsylvania

15017 as its agent for service of process. SSGI and SSGLP are hereinafter referred to collectively as "Sherpa."

50.    On information and belief, Defendant Smarsh, Inc. ("Smarsh") is a New York corporation with its principal place of business at 921 SW Washington Street, Suite 540, Portland, Oregon 97205.  Smarsh has appointed Steven D. Marsh, 921 SW Washington Street, Suite 540, Portland, Oregon 97205 as its agent for service of process.

51.    On information and belief, Defendant Solinus, Inc. d/b/a Mailfoundry ("Solinus") is a Wisconsin corporation with its principal place of business at 1400 Lombardi Ave., Suite 30, Green Bay, Wisconsin 54304.  Solinus has appointed David Charles Troup, 1400 Lombardi Ave., Suite 30, Green Bay, Wisconsin 54304 as its agent for service of process.

52.    On information and belief, Defendant St. Bernard Software, Inc. ("St. Bernard") is a Delaware corporation with its principal place of business at 15015 Avenue of Science, San Diego, California 92128.   St. Bernard has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

53.    On information and belief, Defendant The Electric Mail Company ("Electric Mail") is a Canadian L.P. with its principal place of business at 3999 Henning Dr., Suite 300, Burnaby , BC , V5C6P9.  Electric Mail can be served via Canadian and/or U.S. law.  Hereinafter Electric Mail Intl., Electric Mail and J2 Global are collectively referred to as "J2."

54.    On information and belief, Defendant Trustwave Corporation is a Delaware corporation with its principal place of business at 70 West Madison Street, Suite 1050, Chicago, Illinois 60602.   Trustwave Corporation has appointed The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

55.     On information and belief, Defendant Trustwave Holdings, Inc. is a Delaware corporation with its principal place of business at 70 West Madison Street, Suite 1050, Chicago, Illinois 60602.   Trustwave Holdings, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

56.     On     information     and     belief,     Defendant     Unify     Corporation is a Delaware corporation with its principal place of business at 1420 Rocky Ridge Dr. Suite 380, Roseville, California 95661.   Unify has appointed Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901 as its agent for service of process.   AXS-One and Unify Corporation are hereinafter referred to collectively as "Unify."

57.     On information and belief, Defendant Verdasys Inc. ("Verdasys") is a Delaware corporation with its principal place of business at 404 Wyman St., Suite 320, Waltham, Massachusetts 02451.   Verdasys has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

58.     On information and belief, Defendant Vericept Corporation ("Vericept") is a Delaware corporation with its principal place of business at 70 West Madison Street, Suite 1050, Chicago, Illinois 60602.   Vericept has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process. Trustwave Corporation, Trustwave Holdings, Inc. and Vericept are hereinafter collectively referred to as "Trustwave."

59.    On information and belief, Defendant VirtualConnect Technologies, Inc. ("VirtualConnect") is a South Carolina corporation with its principal place of business at 3089 South Highway 14, Greer, South Carolina 29650. VirtualConnect has appointed David Setzer, 3089 South Highway 14, Greer, South Carolina 29650 as its agent for service of process.

60.    On information and belief, Defendant WatchGuard Technologies, Inc. ("WatchGuard") is a Washington corporation with its principal place of business at 505 Fifth Avenue South, Suite 500, Seattle, Washington 98104. WatchGuard has appointed Summit Law Group PLLC, 315 5th Ave S #1000, Seattle, Washington 98104 as its agent for service of process.

61.    On information and belief, Defendant Waterford Technologies Group, Ltd. d/b/a Waterford Technologies Group ("WTGL") is an Irish Limited company with its principal place of business in Waterford, Ireland. WTGL may be served in accordance with Irish and/or US law.

62.    On information and belief, Defendant Waterford Technologies, Inc. d/b/a d/b/a SeattleLab, Inc. d/b/a Seattle Lab, Inc. d/b/a SeattleLab (WTI") is a Washington corporation with its principal place of business at 19700 Fairchild, Suite 300, Irvine, California 92612. WTI has appointed Brendan Nolan, 19700 Fairchild, Suite 300, Irvine, California 92612 as its agent for service of process. WTGL and WTI are collectively referred to hereinafter as "SeattleLab."

63.    On information and belief, Defendant Workshare Technology, Inc. d/b/a Workshare, Inc. ("Workshare") is a California corporation with its principal place of business at 208 Utah Street, Suite 350, San Francisco, California 94103. Workshare has appointed GKL Corporate/Search, Inc., 915 L Street, Ste. 1250, Sacramento, California 95814 as its agent for service of process.

64.     On information and belief, Defendant ZL Technologies, Inc. ("ZL") is a California corporation with its principal place of business at 2000 Concourse Drive, San Jose, California 95131.  ZL has appointed Kon Leong, 2000 Concourse Drive, San Jose, California 95131 as its agent for service of process.

65.     On information and belief, Defendant ZScaler, Inc. ("ZScaler") is a Delaware corporation with its principal place of business at 392 Potrero Avenue, Sunnyvale, California 94085.  ZScaler has appointed Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901 as its agent for service of process.

## JURISDICTION AND VENUE

66.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, within this forum the Defendants have engaged in at least the offering for sale and/or selling of their accused products listed herein.  In addition, upon information and belief, at least one or more of the Defendants induce and/or contribute to infringement of the patent-in-suit by infringing users located in this forum.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

67.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, Defendants are subject to personal jurisdiction in this district.  Without limitation, within this Judicial District the Defendants have engaged in at least the offering for sale and/or selling of the accused products listed herein.  In addition, upon information and belief, at least one or more of the Defendants induce and/or contribute to infringement of the patent-in-suit by infringing users located in this Judicial District.  Further, on information and belief, Defendants have interactive websites which are used in and/or accessible in this Judicial District. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,782,510

68.     United States Patent No. 6,782,510 ("the '510 Patent"), entitled "Word Checking Tool for Controlling the Language Content in Documents Using Dictionaries with Modifyable Status Fields," was filed on January 27, 1998 and duly and legally issued on August 24, 2004.

69.     WordCheck Tech is the assignee of the '510 patent and it has standing to bring this lawsuit for infringement of the '510 Patent.

70.     The claims of the '510 Patent cover, *inter alia,* electronic systems for permitting users to control which words are allowed in electronic documents before they are published, such systems including: a system memory for storing word checking software modules; processing

devices; electronic dictionaries for identifying sets of filter words including  offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

71.     Upon information and belief, all named Defendants have infringed the '510 patent, more specifically as follows:

72.     On information and belief, Defendant Alt-N has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

73.     Moreover, on information and belief, Defendant Alt-N has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

74.    Upon present information and belief, Defendant Alt-N's infringing methods, products and/or systems comprise at least MDaemon Email Server and SecurityGateway for Exchange/SMTP Servers.

75.    Defendant Alt-N is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

76.    On information and belief, Defendant Appriver has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

77.    Moreover, on information and belief, Defendant Appriver has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in

the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

78.    Upon present information and belief, Defendant Appriver's infringing methods, products and/or systems comprise at least SecureTide.

79.    Defendant Appriver is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

80.    On information and belief, Defendant Athena has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

81.    Moreover, on information and belief, Defendant Athena has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information

and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

82.     Upon present information and belief, Defendant Athena's infringing methods, products and/or systems comprise at least PolicyWall.

83.     Defendant Athena is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

84.     On information and belief, Defendant Awareness has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

85.     Moreover, on information and belief, Defendant Awareness has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

86.    Upon present information and belief, Defendant Awareness' infringing methods, products and/or systems comprise at least InterGuard Datalock.

87.    Defendant Awareness is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

88.    On information and belief, Defendant BitDefender has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

89.    Moreover, on information and belief, Defendant BitDefender has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

90.    Upon present information and belief, Defendant BitDefender's infringing methods, products and/or systems comprise at least BitDefender's Security for Mail Servers.

91.     Defendant BitDefender is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

92.     On information and belief, Defendant Blue Coat has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

93.     Moreover, on information and belief, Defendant Blue Coat has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

94.     Upon present information and belief, Defendant Blue Coat's infringing methods, products and/or systems comprise at least WinProxy and/or ProxySG.

95.     Defendant Blue Coat is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

96.     On information and belief, Defendant CA has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

97.     Moreover, on information and belief, Defendant CA has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

98.     Upon present information and belief, Defendant CA's infringing methods, products and/or systems comprise at least eTrust Secure Content Manager.

99.     Defendant CA, Inc. is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

100.    On information and belief, Defendant Check Point has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the

United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

101.     Moreover, on information and belief, Defendant Check Point has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

102.     Upon present information and belief, Defendant Check Point's infringing methods, products and/or systems comprise at least Check Point Security Management (including DLP software blade).

103.     Defendant Check Point is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

104.     On information and belief, Defendant Code Green has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a

system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

105.    Moreover, on information and belief, Defendant Code Green has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

106.    Upon present information and belief, Defendant Code Green's infringing methods, products and/or systems comprise at least True DLP Products CI-3000, CI-1500, and CI-750.

107.    Defendant Code Green is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

108.    On information and belief, Defendant CMS has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic

dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

109.    Moreover, on information and belief, Defendant CMS has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

110.    Upon present information and belief, Defendant CMS's infringing methods, products and/or systems comprise at least Praetor.

111.    Defendant CMS is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

112.    On information and belief, Defendant EMC has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an

identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

113.    Moreover, on information and belief, Defendant EMC has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

114.    Upon present information and belief, Defendant EMC's infringing methods, products and/or systems comprise at least RSA DLP Suite.

115.    Defendant EMC is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

116.    On information and belief, Defendant Entrust has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status

fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

117.     Moreover, on information and belief, Defendant Entrust has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

118.     Upon present information and belief, Defendant Entrust's infringing methods, products and/or systems comprise at least Entelligence Messaging Server.

119.     Defendant Entrust is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

120.     On information and belief, Defendant eSoft has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine

whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

121.    Moreover, on information and belief, Defendant eSoft has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

122.    Upon present information and belief, Defendant eSoft's infringing methods, products and/or systems comprise at least ThreatPak and/or ThreatWall.

123.    Defendant eSoft is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

124.    On information and belief, Defendant FaceTime has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

125.     Moreover, on information and belief, Defendant FaceTime has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

126.     Upon present information and belief, Defendant FaceTime's infringing methods, products and/or systems comprise at least IMAuditor and/or Vantage.

127.     Defendant FaceTime is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

128.     On information and belief, Defendant Fidelis has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

129.     Moreover, on information and belief, Defendant Fidelis has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users. Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

130.    Upon present information and belief, Defendant Fidelis' infringing methods, products and/or systems comprise at least Fidelis XPS.

131.    Defendant Fidelis is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

132.    On information and belief, Defendant Fortinet has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

133.    Moreover, on information and belief, Defendant Fortinet has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users. Upon information

and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

134.     Upon present information and belief, Defendant Fortinet's infringing methods, products and/or systems comprise at least FortiMail.

135.     Defendant Fortinet is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

136.     On information and belief, Defendant GFI has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

137.     Moreover, on information and belief, Defendant GFI has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

138.    Upon present information and belief, Defendant GFI's infringing methods, products and/or systems comprise at least MailSecurity and/or MAX MailProtection.

139.    Defendant GFI is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

140.    On information and belief, Defendant Global Relay has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

141.    Moreover, on information and belief, Defendant Global Relay has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

142.    Upon present information and belief, Defendant Global Relay's infringing methods, products and/or systems comprise at least Compliance Reviewer.

143.    Defendant Global Relay is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

144.    On information and belief, Defendant GTB has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

145.    Moreover, on information and belief, Defendant GTB has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

146.    Upon present information and belief, Defendant GTB's infringing methods, products and/or systems comprise at least GTB Inspector.

147.    Defendant GTB is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

148.   On information and belief, Defendant Intego has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

149.   Moreover, on information and belief, Defendant Intego has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

150.   Upon present information and belief, Defendant Intego's infringing methods, products and/or systems comprise at least ContentBarrier and Internet Security Barrier.

151.   Defendant Intego is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

152.   On information and belief, Defendant Iron Mountain Inc. d/b/a Iron Mountain Company acquired Mimosa in 2010.

153.    On information and belief, Defendant Iron Mountain has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

154.    Moreover, on information and belief, Defendant Iron Mountain has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

155.    Upon present information and belief, Defendant Iron Mountain's infringing methods, products and/or systems comprise at least NearPoint.

156.    Defendant Iron Mountain is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

157.    On information and belief, Defendant iTech has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the

United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

158.    Moreover, on information and belief, Defendant iTech has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

159.    Upon present information and belief, Defendant iTech's infringing methods, products and/or systems comprise at least iWayMail.

160.    Defendant iTech is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

161.    On information and belief, Defendant  J2 has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for

identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

162.    Moreover, on information and belief, Defendant J2 has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

163.    Upon present information and belief, Defendant J2's infringing methods, products and/or systems comprise at least Electric Mail's PolicySMART.

164.    Defendant J2 is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.


165.    On information and belief, Defendant LiveOffice has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially

inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

166.    Moreover, on information and belief, Defendant LiveOffice has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

167.    Upon present information and belief, Defendant LiveOffice's infringing methods, products and/or systems comprise at least AdvisorMail.

168.    Defendant LiveOffice is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

169.    On information and belief, Defendant Microworld has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to

be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

170.    Moreover, on information and belief, Defendant Microworld has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

171.    Upon present information and belief, Defendant Microworld's infringing methods, products and/or systems comprise at least eScan.

172.    Defendant Microworld is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

173.    On information and belief, Defendant Mimecast has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine

whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

174.    Moreover, on information and belief, Defendant Mimecast has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

175.    Upon present information and belief, Defendant Mimecast's infringing methods, products and/or systems comprise at least Mimecast Unified Email Management.

176.    Defendant Mimecast is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

177.    On information and belief, Defendant Palisade has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

178.    Moreover, on information and belief, Defendant Palisade has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

179.    Upon present information and belief, Defendant Palisade's infringing methods, products and/or systems comprise at least PacketSure.

180.    Defendant Palisade is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

181.    On information and belief, Defendant Permessa has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

182.    Moreover, on information and belief, Defendant Permessa has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

183.   Upon present information and belief, Defendant Permessa's infringing methods, products and/or systems comprise at least Permessa Email Control.

184.   Defendant Permessa is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

185.   On information and belief, Defendant Quest has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

186.   Moreover, on information and belief, Defendant Quest has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information

and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

187.   Upon present information and belief, Defendant Quest's infringing methods, products and/or systems comprise at least Policy Authority for Unified Communications.

188.   Defendant Quest is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

189.   On information and belief, Defendant Red Earth has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

190.   Moreover, on information and belief, Defendant Red Earth has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

191.     Upon present information and belief, Defendant Red Earth's infringing methods, products and/or systems comprise at least Policy Patrol.

192.     Defendant Red Earth is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

193.     On information and belief, Defendant MailSite has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

194.     Moreover, on information and belief, Defendant MailSite has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

195.     Upon present information and belief, Defendant MailSite's infringing methods, products and/or systems comprise at least MailSite Fusion.

196.     Defendant MailSite is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

197.     On information and belief, Defendant RSA has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

198.     Moreover, on information and belief, Defendant RSA has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

199.     Upon present information and belief, Defendant RSA's infringing methods, products and/or systems comprise at least RSA DLP Suite.

200.     Defendant RSA is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

201.     On information and belief, Defendant Safenet has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

202.     Moreover, on information and belief, Defendant Safenet has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

203.     Upon present information and belief, Defendant Safenet's infringing methods, products and/or systems comprise at least eSafe.

204.     Defendant Safenet is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

205.    On information and belief, Defendant SeattleLab has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

206.    Moreover, on information and belief, Defendant SeattleLab has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

207.    Upon present information and belief, Defendant SeattleLab's infringing methods, products and/or systems comprise at least MailWarden Pro.

208.    Defendant SeattleLab is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

209.    On information and belief, Defendant Sherpa has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the

United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

210.    Moreover, on information and belief, Defendant Sherpa has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

211.    Upon present information and belief, Defendant Sherpa's infringing methods, products and/or systems comprise at least Mail Attender.

212.    Defendant Sherpa is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

213.    On information and belief, Defendant Smarsh has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic

dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

214.    Moreover, on information and belief, Defendant Smarsh has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

215.    Upon present information and belief, Defendant Smarsh's infringing methods, products and/or systems comprise at least Virtual Compliance Officer.

216.    Defendant Smarsh is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

217.    On information and belief, Defendant Solinus has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an

identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

218.    Moreover, on information and belief, Defendant Solinus has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

219.    Upon present information and belief, Defendant Solinus's infringing methods, products and/or systems comprise at least MailFoundry.

220.    Defendant Solinus is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

221.    On information and belief, Defendant St. Bernard has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status

fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

222.    Moreover, on information and belief, Defendant St. Bernard has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

223.    Upon present information and belief, Defendant St. Bernard's infringing methods, products and/or systems comprise at least ePrism.

224.    Defendant St. Bernard is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

225.    On information and belief, Defendant Trustwave has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine

whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

226.    Moreover, on information and belief, Defendant Trustwave has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

227.    On information and belief, Defendant Trustwave Corp. acquired Vericept in 2009.

228.    Upon present information and belief, Defendant Trustwave's infringing methods, products and/or systems comprise at least Vericept Protect.

229.    Defendant Trustwave is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

230.    On information and belief, Defendant Unify Corporation acquired Defendant AXS-One in 2009.

231.    On information and belief, Defendant Unify has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status

fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

232.    Moreover, on information and belief, Defendant Unify has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

233.    Upon present information and belief, Defendant Unify's infringing methods, products and/or systems comprise at least AXS-One Compliance Platform.

234.    Defendant Unify is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

235.    On information and belief, Defendant Verdasys has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine

whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

236.    Moreover, on information and belief, Defendant Verdasys has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

237.    Upon present information and belief, Defendant Verdasys's infringing methods, products and/or systems comprise at least Digital Guardian.

238.    Defendant Verdasys is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

239.    On information and belief, Defendant VirtualConnect has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

240.    Moreover, on information and belief, Defendant VirtualConnect has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

241.    Upon present information and belief, Defendant VirtualConnect's infringing methods, products and/or systems comprise at least Mailprotector.

242.    Defendant VirtualConnect is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

243.    On information and belief, Defendant WatchGuard has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

244.    Moreover, on information and belief, Defendant WatchGuard has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

245.    Upon present information and belief, Defendant WatchGuard's infringing methods, products and/or systems comprise at least WatchGuard Extensible Content Security (XCS).

246.    Defendant WatchGuard is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.


247.    On information and belief, Defendant Workshare has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

248.    Moreover, on information and belief, Defendant Workshare has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the

infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

249.    Upon present information and belief, Defendant Workshare's infringing methods, products and/or systems comprise at least Workshare Protect.

250.    Defendant Workshare is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

251.    On information and belief, Defendant ZL has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

252.    Moreover, on information and belief, Defendant ZL has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information

and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

253.   Upon present information and belief, Defendant ZL's infringing methods, products and/or systems comprise at least zCompliance Sentinel.

254.   Defendant ZL is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

255.   On information and belief, Defendant ZScaler has been and now is directly infringing the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States by making, using, selling, offering to sell and/or importing systems including: a system memory for storing word checking software modules; processing devices; electronic dictionaries for identifying sets of filter words including offensive words and/or potentially inappropriate words, which potentially inappropriate words are determined by considering an identity of an audience; and wherein the module is configured such that it can retrieve words to be checked from electronic files, designate the sets of filter words by changing values of status fields and/or by storing the sets of filter words as separate electronic dictionaries; determine whether the words from the documents include any from the filter words; and control initial distribution of such electronic documents based on such retrieving, designating and determining.

256.   Moreover, on information and belief, Defendant ZScaler has been and now is indirectly infringing by way of intentionally inducing infringement and/or contributing to the infringement of the '510 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, including by providing software and/or systems to users.  Upon information and belief, such induced and/or contributory infringement has occurred at least since this Defendant became aware of the '510 Patent, at least through becoming aware of this Complaint.

257.    Upon present information and belief, Defendant ZScaler's infringing methods, products and/or systems comprise at least ZScaler Email Security Suite.

258.    Defendant ZScaler is thus liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271.

259.    As a result of Defendants' infringing conduct, Defendants have damaged WordCheck Tech. Defendants are liable to WordCheck Tech in an amount that adequately compensates WordCheck Tech for their infringement, which, by law, can be no less than a reasonable royalty.

260.    WordCheck Tech reserves the right to take discovery from Defendants relative to their awareness/notice of the '510 Patent prior to the filing of suit.  In any event, to the extent Defendants continue to infringe the '510 Patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless.

261.    Accordingly, WordCheck Tech seeks and/or reserves the right to seek a willfulness finding against Defendants relative to their infringement of the '510 Patent, in accordance with the above.

262.    On information and belief, all Defendants have at least had constructive notice of the '510 Patent by operation of law.

## PRAYER FOR RELIEF

WHEREFORE, WordCheck Tech respectfully requests that this Court enter:

1.    A judgment in favor of WordCheck Tech that Defendants have infringed, directly, jointly, and/or indirectly, by way of intentionally inducing and/or contributing to the infringement of the '510 Patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '510 Patent;

4.      A judgment and order requiring Defendants to pay WordCheck Tech its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '510 Patent as provided under 35 U.S.C. § 284;

5.      An award to WordCheck Tech for enhanced damages as provided under 35 U.S.C. § 284;

6.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to WordCheck Tech its reasonable attorneys' fees; and

7.      Any and all other relief to which WordCheck Tech may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

September 7, 2010.                              Respectfully submitted,

                                               WORDCHECK TECH LLC

                                               By: /s/ John J. Edmonds
                                               John J. Edmonds – LEAD COUNSEL
                                               Texas Bar No. 789758
                                               Andrew P. Tower
                                               Texas Bar No. 786291
                                               Erick Robinson
                                               Texas Bar No. 24039142
                                               Steve Schlather

Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Rd., Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
atower@cepiplaw.com
erobinson@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
WORDCHECK TECH, LLC