IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WORDCHECK TECH, LLC | |
| v. | CASE NO. 6:10-CV-00457-LED |
| ALT-N TECHNOLOGIES, LTD., ET AL. | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL EMC AND RSA TO APPEAR FOR RULE 30(B)(6) DEPOSITION ON ALL TOPICS**

Plaintiff WordCheck Tech, LLC ("WordCheck") respectfully submits this Motion to Compel Defendants EMC Corp. and RSA Security, LLC (collectively "EMC")[1] to appear for their Rule 30(b)(6) deposition on all topics, as follows:

**I.    Introduction and factual background.**

This case involves Defendants' infringement of U.S. Patent No. 6,782,510 ("the '510 patent"). This case originally had a large number of Defendants, although only a handful remain. On July 20, 2011, this Court ordered an early mediation process, limited early disclosures, and a stay of discovery in order to "allow the parties to attempt to reach a business solution." (Doc. No. 525).

On August 12, 2011, the parties submitted an Agreed Motion for Entry of Proposed Docket Control Order and Discovery Order. (Doc. No. 533). During the meet and confer process that resulted in this joint submission, EMC never hinted at any intention to refuse or bifurcate discovery once the discovery stay was lifted. Exhibit 1, para. 2. Nor did EMC seek to include language in the Discovery Order bifurcate or delay discovery following the Court's stay. The <u>agreed</u> Discovery Order had standard discovery provisions, including for Rule 30(b)(6) depositions of the parties, to become effective once the Court's stay of discovery expired on

---

[1] RSA is a subsidiary of EMC.

November 15, 2011. (Doc. No. 533, Ex. 1). On August 16, 2011, this Court entered the agreed Discovery Order. (Doc. No. 536).

The Court's early resolution procedure for this case was effective. However, for those few parties who still remain (including EMC, who chose not to participate in early mediation), the discovery stay expired, and unfettered discovery commenced on November 15, 2011 in accordance with the parties previously agreed upon schedule.

On November 26, 2011, WordCheck issued a Rule 30(b)(6) Deposition Notice for EMC. Exhibit 2. EMC responded with an absurd and abusive 58 pages of objections. Exhibit 3. In the meet and confer process that preceded this Motion, the parties discussed WordCheck's Rule 30(b)(6) notice at length. The letters at Exhibit 4 and Exhibit 5 detail the parties' recitations of the meet and confer. Although those recitations differ in some respects, it is indisputable that EMC has refused to proffer designees for topics 9 – 17, 19-21, 30-32, 34-45 and 47-51, and that EMC has refused to provide <u>any</u> date upon which it would be willing to proffer designees on those topics. *Id.*

EMC does not dispute that the topics upon which it refuses to appear seek relevant information. EMC's position is that it should be able to unilaterally bifurcate and restrict the scope of discovery pending at least a ruling on a Summary Judgment Motion that EMC wants to file in late January.[2] EMC's attempt to unilaterally bifurcate and restrict discovery is unfounded and improper. Accordingly, the Court should compel EMC to promptly proffer Rule 30(b)(6) designees on all noticed topics.

---

[2] *See* EMC's Motion for Leave to Set a Mini-*Markman* and Motion for Summary Judgment Schedule and Hearing (Doc. No. 673).

**II.     Argument.**

This case is now in its discovery phase. Thus, WordCheck issued its Rule 30(b)(6) deposition notice for EMC. Exhibit 2. As noted above and at Exhibit 4, EMC has wrongfully refused to proffer designees for topics 9 – 17, 19-21, 30-32, 34-45 and 47-51 of WordCheck's Rule 30(b)(6) notice.

This is not a situation in which a Rule 30(b)(6) deposition is spread over a multiple days to accommodate the schedules of various designees. Rather, EMC has refused to provide *any* date upon which it would be willing to proffer designees on topics 9 – 17, 19-21, 30-32, 34-45 and 47-51.

EMC does not dispute that the topics upon which it refuses to appear seek relevant information. EMC's position is that it should be able to unilaterally bifurcate and restrict the scope of discovery pending at least a ruling on a Summary Judgment Motion that EMC wants to file in late January.

EMC's position is that WordCheck should just proceed on those topics for which EMC is willing to provide a designee, and that months down the road (when EMC's planned Motion for Summary Judgment is denied) the parties can complete the rest of the discovery. EMC's position is baseless and constitutes a willful violation of this Court's Discovery Order. Nothing in the Court's Discovery Order or Docket Control Order permits a party to unilaterally refuse or bifurcate relevant discovery.

This Court and its colleagues in this District have issued many opinions stating their expectation that parties diligently prepare their cases. WordCheck is attempting to do just that, but EMC is unilaterally obstructing the discovery process. Without limitation, mandatory document disclosures in this case will be due in January. WordCheck cannot determine the

adequacy or completeness of EMC's document production without the benefit of deposition testimony, and given EMC's cavalier attitude towards discovery, WordCheck has little expectation that EMC will be exercising any diligence in connection with its upcoming mandatory document disclosures.

In addition, WordCheck should not be required to undergo the expense of serial Rule 30(b)(6) depositions of EMC, merely because EMC refuses to proffer 30(b)(6) designees on the majority of noticed topics until some unspecified date months in the future.

Finally, if WordCheck proceeded with limited and bifurcated discovery unilaterally imposed by EMC, that would reward EMC's discovery misconduct and encourage EMC and its counsel to engage in such behavior in the future.

This Court has the power to compel depositions under FRCP 26 and 37. Further, this Court has the inherent power to enforce its Discovery Order. Accordingly, the Court should compel EMC to promptly proffer Rule 30(b)(6) designees on all noticed topics.

### III. Conclusion.

In accordance with the foregoing Plaintiff WordCheck Tech, LLC respectfully requests that the Court compel EMC Corp. and RSA Security, LLC to promptly proffer Rule 30(b)(6) designees on all noticed topics. Plaintiff also requests such other relief which may be proper, including under Rule 37, including to deter such conduct by EMC in the future.

December 17, 2011                                        Respectfully submitted,

                                                                         /s/ *John J. Edmonds*
                                                                         John J. Edmonds – LEAD COUNSEL
                                                                         Texas Bar No. 789758
                                                                         Andrew P. Tower
                                                                         Texas Bar No. 786291
                                                                         Johnathan Yazdani
                                                                         Texas Bar No. 24079616

        COLLINS, EDMONDS &
        POGORZELSKI, PLLC
        1616 S. Voss Rd., Suite 125
        Houston, Texas 77057
        Telephone: (713) 501-3425
        Facsimile: (832) 415-2535
        atower@cepiplaw.com
        jedmonds@cepiplaw.com
        jyazdani@cepiplaw.com

        Andrew W. Spangler
        Texas Bar No. 24041960
        Spangler Law P.C.
        208 N. Green Street, Suite 300
        Longview, Texas 75601
        (903) 753-9300
        (903) 553-0403 (fax)
        spangler@spanglerlawpc.com

        ATTORNEYS FOR PLAINTIFF
        WORDCHECK TECH, LLC

## CERTIFICATE OF SERVICE

      The undersigned certifies that the parties met and conferred on December 8, 2011 in accordance with Local Rule CV-7. On the call for WordCheck were lead counsel John Edmonds and local counsel Andrew Spangler. On the call for EMC and RSA were its counsel Dan Kassabian and Gabriel Ramsey. EMC/RSA's position was essentially that it should be able to impose unilateral bifurcation of discovery, and that the parties could worry about the disputed deposition topics at some undermined date in the future if EMC's planned motion for summary judgment is denied. As noted hereinabove, WordCheck's position is that this case is in its discovery phase, and that EMC/RSA has no authority for unilaterally bifurcating discovery. Accordingly, the parties came to an impasse and WordCheck had no other option but to either accede to EMC/RSA's improper limitation of discovery, or seek assistance from the Court.

December 17, 2011                 /s/ *John J. Edmonds*
                                                  John J. Edmonds

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

December 17, 2011                 /s/ *John J. Edmonds*
                                                  John J. Edmonds