IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **WORDCHECK TECH, LLC.,** | § § § | |
| Plaintiff, | § | Civ. Act. No. 6:10-cv-457 |
| | § § | |
| v. | § § | |
| | § | |
| **ALT-N TECHNOLOGIES, LTD., et al.,** | § | |
| Defendants. | § § | |

**O R D E R**

Before the Court is Defendants EMC Corp., RSA Security, Inc., RSA Security, LLC, and Rockliffe Systems.'s (collectively "Movants'") Motions to Dismiss. Doc. No. 579 and 632. Having considered the parties' positions, the Court **DENIES** Movants' motion.

**BACKGROUND**

On September 7, 2010, Plaintiff filed its Original Complaint in the above-captioned case against numerous defendants alleging that they infringed U.S. Patent No. 6,782,510 ("the '510 Patent"). Original Complaint, Doc. No. 1. The Original Complaint included a claim for willful infringement. In response to a motion to dismiss, the Court ordered Plaintiff to replead its willful infringement claim to comply with Fed. R. Civ. P. 8. Doc. No. 537. Plaintiff filed its Amended Complaint on September 6, 2011. Amended Complaint, Doc. No. 539. Movants now seek to dismiss Plaintiff's willful infringement allegation for failure to state a claim.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Movants argue that Plaintiff's willfulness claim in the Amended Complaint fails to satisfy the pleading requirements of Rule 8 and the standard set forth by the Federal Circuit in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Doc. No. 579 at 3. However, *In re Seagate* only "addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness

is required." *Mobilemedia Ideas LLC v. HTC Corporation*, Civ. Act. No. 2:10-cv-112, Doc. No. 83 at 4 (E.D. Tex. Sept. 15, 2011) (*citing Advanced Analogic Techns., Inc. v. Kinetic Techns., Inc.,* Case No. C-09-1360-MMC, 2009 WL 1974602 at *2 (N.D. Cal. July 8, 2009). Like pleading requirements for direct infringement, the bar for pleading willful infringement is not high. *Id*. at 3; *Lodsys, LLC v. Brother Intern. Corp.*, Civ. Act. No. 2:11-cv-90, 2012 WL 760729 at *4 (E.D. Tex. Mar. 8, 2012). The Amended Complaint alleges when Movants received notice of the patent-in-suit and that their continued alleged infringement is objectively reckless. Accordingly, this is sufficient factual allegation to state a claim for willful infringement.

Movants also argue that because Plaintiff has not sought a preliminary injunction, it should not be allowed to bring a willful infringement claim based solely on post-filing activity by Movants. Movants based their argument on *In re Seagate* and cite *Webmap Techs., LLC v. Google, Inc.* to support their position. No. 2:09-cv-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010). However, as stated above, *In re Seagate* did not address the pleading requirements for a willful infringement claim. As the court in *Webmap* recognized, there is no *per se* rule that a plaintiff must seek a preliminary injunction against a defendant before bringing a post-filing willfulness claim. *Id*. at *3-4. Furthermore, *Webmap* did not address the present situation where the Plaintiff is a non-practicing entity that does not practice the claimed invention of the patent-in-suit. It is highly unlikely that Plaintiff could have obtained a preliminary injunction even if it had sought one. Requiring Plaintiff to request a preliminary injunction in such circumstances just so that it could plead a willful infringement claim would be an unnecessary burden on the parties and the Court.

## CONCLUSION

Accordingly, Movants' Motions to Dismiss are hereby **DENIED**.

**So ORDERED and SIGNED this 17th day of July, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**